IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>VINCENTE RAMIREZ-DIAZ,<br><br>Defendant. | Case No. 6:17-CR-00350-AA<br>**OPINION AND ORDER** |

AIKEN, District Judge:

Defendant Vincente Ramirez-Diaz has been indicted on one count of illegal reentry under 8 U.S.C. § 1326. This charge is predicated on a 2011 removal order issued pursuant to an expedited removal proceeding. During that proceeding, an immigration official considered defendant's case, determined that he was inadmissible to the United States, and entered a removal order. Defendant was then removed from the United States. In 2017, defendant was found in the District of Oregon, in violation of the prior removal order, and this indictment issued. Presently before the Court is defendant's motion to dismiss the indictment. (doc. 25) For the reasons set forth herein, the Court holds that the 2011 removal order failed to comply with

the requirements of due process and cannot be used as a predicate offense to sustain the present § 1326 charge. Accordingly, defendant's motion to dismiss (doc. 25) is granted.

## LEGAL STANDARD

Once an individual enters the United States, she or he is entitled to the protections of the Due Process Clause. *Shaughnessy v. United States ex rel. Mezei*, 345 U.S. 206, 212 (1953) ("It is true that aliens who have once passed through our gates, even illegally, may be expelled only after proceedings conforming to . . . due process of law.") This includes the right to "some meaningful review" of an administrative proceeding that results in a removal order used as a predicate for an illegal reentry offense. *United States v. Barajas-Alvarado*, 655 F.3d 1077, 1079 (9th Cir. 2011).

To be convicted of illegal reentry, the Government must establish that the defendant "left the United States under order of exclusion, deportation, or removal, and then illegally reentered." *United States v. Raya-Vaca*, 771 F.3d 1195, 1201 (9th Cir. 2014) (citing *Barajas-Alvarado*, 655 F.3d at 1079). A defendant may collaterally challenge the underlying removal order. 8 U.S.C. § 1326(d); *United States v. Ubaldo-Figueroa*, 364 F.3d 1042, 1047 (9th Cir. 2004). To successfully challenge the underlying removal order, the defendant must demonstrate that (1) he exhausted the available administrative remedies, (2) the deportation proceedings deprived the alien the chance for judicial review, and (3) that the removal order was "fundamentally unfair." 8 U.S.C. § 1326(d). A removal order is fundamentally unfair if the defendant's due process rights were violated during the removal proceedings, and she was prejudiced by the violations. *United States v. Garcia-Santana*, 774 F.3d 528, 532-33 (9th Cir. 2014).

In this case, an immigration officer issued the underlying removal order after an expedited removal proceeding pursuant to 8 U.S.C. § 1225(b)(1). Expedited removal

proceedings are permitted for individuals who are discovered in the United States within 100 miles of the border, who have been in the United States for less than 14 days, and who were not legally admitted to the United States. 8 U.S.C. § 1225(b)(1)(A)(i). All individuals in expedited removal proceedings are considered applicants for admission into the United States, even if they are physically present within the country. 8 U.S.C. § 1225(a)(1). Expedited removal proceedings are carried out by an immigration official who makes an admissibility determination and, if applicable, enters removal orders. *Id.*

The required procedure for expedited removal proceedings is set out by regulation. 8 C.F.R. § 235.3(b)(2)(i). These regulations require that when the officer makes her admissibility finding, she must create a record of the proceeding that includes the facts of the case and sworn statements from the alien. *Id.* "The regulations governing expedited removal proceedings codify, in mandatory terms, the immigration officer's duty to inform the alien of the charge against him and to allow the alien to review the sworn statement prepared in his name." *Raya-Vaca*, 771 F.3d at 1204. The regulation requires that the alien be served with the form outlining the charges against him, Form I-860, and that he sign the reverse of the form acknowledging receipt. 8 C.F.R. § 235.3(b)(2)(i).

While expedited removal orders are not subject to administrative appeal, applicants may be eligible for relief from removal. 8 U.S.C. § 1225(b)(1)(A)(i). This relief is called "withdrawal of application for admission" whereby an individual is permitted to withdraw his application for admission and depart the United States voluntarily without a formal removal order or other immigration consequences. 8 C.F.R. § 1235.4.

## DISCUSSION

In this case, defendant is a long-term resident of the United States who has lived and

worked in this country since he was 13. The current illegal reentry indictment is predicated on a removal order from 2011. This is defendant's only removal order.

Pursuant to 8 U.S.C. § 1326(d), defendant challenges the 2011 removal order. The first two requirements for collaterally challenging the removal order are satisfied here. The Ninth Circuit has held that when a defendant's removal order arises from an expedited removal proceeding, he has exhausted all administrative remedies and was deprived of the opportunity for judicial review. *Raya-Vaca*, 771 F.3d at 1201 ("As the district court recognized and as the Government concedes, the statute governing expedited removal proceedings afforded Raya-Vaca no opportunity for administrative or judicial review. We therefore conclude that Raya-Vaca exhausted all available administrative remedies and was deprived of the opportunity for judicial review.") (internal citations omitted). Defendant's 2011 removal order also arose from expedited review proceedings governed by the same statute at issue in *Raya-Vaca*. Accordingly, I find that he too exhausted all available administrative remedies and was deprived of the opportunity for judicial review of that order.

Next, to successfully challenge the 2011 order, defendant must establish that the removal order was "fundamentally unfair" meaning that the proceedings producing that order violated his due process rights and that he was prejudiced by the due process violation. *Garcia-Santana*, 774 F.3d 528, 532-33.

Because he had entered the United States, there is no question that defendant was entitled to the protection of the Due Process Clause during his expedited removal proceedings. *Raya-Vaca*, 771 F.3d at 1202-03; *Mezei*, 345 U.S. at 212. While recognizing that not all regulations protect fundamental rights, the Ninth Circuit has held that the regulation governing expedited removal proceedings, 8 C.F.R. 235.3(b), does protect due constitutional due process rights.

*Raya-Vaca* at 1204. This requires, at minimum, notice and the opportunity to respond to charges. *Id.* (citing *Cleveland bd. Of Educ. v. Loudermill*, 470 U.S. 532, 542 (1945)). Defendant argues that his right to due process was violated when the immigration official failed to follow the regulatory requirements set out in 8 C.F.R § 235.3(b)(2)(i). Mot to Dismiss. at 5-6.

During an expedited removal proceeding, the immigration officer makes an admissibility finding. *Id.* When making a finding of inadmissibility, the immigration official must create a record of the facts including statements by the alien. 8 C.F.R. § 235.3(b)[1]. Relevant to this case, the officer "shall advise the alien of the charges against him or her on Form 1-860, Notice and Order of Expedited Removal, and the alien shall be given an opportunity to respond to those charges in a sworn statement." *Id.* Once the official has received supervisory approval for the inadmissibility finding, "the examining immigration official shall serve the alien with Form I-860 and the alien shall sign the reverse of the form acknowledging receipt." *Id.*

In this case, there is no evidence that defendant signed the reverse of Form I-860 as required by regulation. Ex. 3. The Form I-860 in the record consists of a single sided form that not does contain defendant's signature. See Mot. to Dismiss ex. 1 and ex. 2. There is no evidence in the record that the immigration official allowed defendant to review Form I-860 or that defendant signed the reverse of the form as required. Ex. 3

The government argues that because the immigration officer signed the certificate of service on the front of the I-860 form, stating that he served the form on defendant, there is no due process violation. This is not correct. Even if the official did serve Form I-860 as it appears

---

[1] The regulations state: "The examining immigration officer shall advise the alien of the charges against him or her on Form I–860, Notice and Order of Expedited Removal, and the alien shall be given an opportunity to respond to those charges in the sworn statement. After obtaining supervisory concurrence in accordance with paragraph (b)(7) of this section, the examining immigration official shall serve the alien with Form I–860 and the alien shall sign the reverse of the form acknowledging receipt." 8 C.F.R. § 235.3(b)(2)(i).

Page 5 – OPINION AND ORDER

in the record on defendant, there would still be a due process violation. The front side of Form I-860 does not demonstrate that defendant was given notice of the charges against him and given the opportunity to respond in a sworn statement. The regulation requires that the defendant provide his signature on the reverse of the form to acknowledge receipt, and here there is no signature from the defendant. Defendant is entitled meaningful judicial review of proceedings and that review is based on the evidence in the record. *Barajas-Alvarado*, 655 F.3d at 1079. Here, the form in the record does not provide sufficient assurance that defendant's due process rights were protected during the 2011 removal proceeding. Thus, I find that defendant's due process rights were violated.

After establishing a due process violation, to demonstrate that the 2011 order was fundamentally unfair, defendant must also show that he suffered prejudice as a result of the order. *United States v. Jimenez-Marmolejo*, 104 F.3d 1083, 1085 (9th Cir. 1996). This requires defendant to show that he had plausible grounds for relief from the removal order. *Raya-Vaca*, 771 F.3d at 1206 (citing *Jimenez-Marmolejo*, 104 F.3d at 1085). Plausible grounds for relief require "some evidentiary basis on which relief could have been granted." *Id.* (citing *United States v. Reyes-Bonilla*, 671 F.3d 1036, 1050 (9th Cir. 2012)).

In this case, defendant was considered an applicant for admission to the United States and was eligible for statutory relief: "withdrawal of application for admission." 8 U.S.C. 1225(a)(4); *see Raya-Vaca*, 771 F.3d at 1206. Granting this relief is a discretionary decision by the immigration officer that allows an individual to voluntarily depart from the United States without a formal removal order or any other immigration consequences. To determine if a defendant could have plausibly been granted relief during an immigration proceeding, the reviewing court identifies the factors relevant to the discretionary grant of relief and decides if, in light of the

factors and particular circumstances at hand, it was plausible that the immigration official could have granted the relief. *United States v. Rojas-Pedroza*, 716 F.3d 1253, 1263 (9th Cir. 2013).

The Immigration and Naturalization Service ("INS") Inspector's Field Manual, agency guidance that advises immigration officials, sets out six factors that the immigration officer should consider in exercising her discretion to permit an alien to withdraw his application for admission. Inspector's Field Manual § 17.2(a) 2007 WL 7710869. The Manual instructs the officer to "consider all the facts and circumstances related to the case to determine whether permitting withdrawal would be in the best interest of justice." *Id.* at 17.2(a)(2007). To this end, the Manual sets out six, non-exhaustive factors for the officer to consider including "(1) the seriousness of the immigration violation; (2) previous findings of inadmissibility against the alien; (3) intent on the part of the alien to violate the law; (4) ability to easily overcome the ground of inadmissibility; (5) age or poor health of the alien; (6) other humanitarian or public interest considerations." *Id.* The Manual notes that withdrawal should not ordinarily be considered where fraud or deceit is involved. *Barajas-Alvarado*, 655 F.3d at 1090.

In this case, considering all the facts and circumstances, I find that at the time of defendant's 2011 removal, there was an evidentiary basis upon which relief, withdrawal of application for admission, could have been granted. The Ninth Circuit considered similar facts in *Raya-Vaca* and found that a defendant could plausibly have been granted relief during his expedited removal proceedings. The defendant in *Raya-Vaca* had six previous illegal reentry convictions and an intent to violate immigration laws by reentering the US by walking across the border. However, the Ninth Circuit held that these factors were overridden by the "compelling humanitarian interest in keeping families united" because the defendant was married to a citizen and had citizen children. Despite the defendant's lengthy criminal and immigration history, the

public interest and humanitarian factor "weigh[ed] significantly" in his favor. The court held that an immigration official could plausibly have granted relief by permitting the defendant to withdraw his application for admission. *Id.*

Likewise in this case, the humanitarian and public interest factor plausibly weigh in favor of an immigration official granting similar relief. Defendant, like the defendant in *Raya-Vaca*, was married and had two citizen children living in the United States at the time of his expedited removal proceedings. Further, he is a longtime resident of the United States who had lived and worked in this country since he was 13 years old. *Id.*

Other INS Manual factors also plausibly support a grant of relief. Defendant has a minor immigration and criminal history, which is less severe than the defendant in *Raya-Vaca*. Defendant is not an aggravated felon, his criminal record consists only of misdemeanor offenses, and he had no immigration violations prior to his 2011 expedited removal proceedings.

Importantly, there is no evidence that defendant engaged in obvious fraud or deceit, which would generally render him ineligible for relief. While defendant's young age and apparent good health weigh against a grant of relief, he has presented a sufficient evidentiary foundation upon which an immigration officer could have afforded relief during the 2011 proceedings.

Accordingly, because defendant's due process rights were violated, and he was prejudiced by the result, I find that his 2011 removal order was fundamentally unfair. Defendant has successfully challenged the predicate offense for the current illegal reentry indictment.

## CONCLUSION

There is insufficient evidence in the record to demonstrate that defendant's due process rights were protected during his 2011 removal proceedings. There is insufficient evidence in the

record to indicate that defendant received notice of the charges against him and there is no evidence in the record to demonstrate that he acknowledged those charges or was given an opportunity to respond to them. Because defendant could plausibly have been granted relief in the form of withdrawal of his application for admission, I find that his 2011 removal order is invalid and cannot serve as the predicate for the current § 1326 charge. Defendant's motion to dismiss (doc. 25) is GRANTED, and this case is DISMISSED.

IT IS SO ORDERED.

Dated this 8th day of January 2019.

Ann Aiken
United States District Judge